NO. 07-06-0102-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2007
_____

WILLIE RODRIGUEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409010; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____MEMORANDUM OPINION

Appellant, Willie Rodriguez, seeks an appeal from two counts of indecency with a child. Appellant contends that the trial court erred in allowing the cases to be submitted to the jury without requiring the State to elect which incident or incidents would be evidence of the two alleged criminal offenses. We affirm.

Background

Appellant and his wife lived with their three children and appellant's step granddaughter, Jessica Flores. When Flores was between nine and eleven years old, appellant made sexual advances toward her on several occasions. These incidents included: (1) appellant partially removing Flores's bathing suit and rubbing her vagina with his hand; (2) appellant coaxing Flores with soft drinks to come into his room and then pushing her onto the bed and rubbing her breasts and vagina; and (3) while returning to Lubbock from a car trip, appellant fondling Flores's breasts.

Several years later, when Flores was 17 years old, Flores made her mother aware of appellant's earlier actions and, consequently, went to the police station to file a report detailing the inappropriate touching. Appellant was arrested and charged by a single indictment with two counts of indecency with a child, one for touching Flores's breasts and another count for touching Flores's genitals.

At trial, the State introduced evidence of the three aforementioned incidents as well as two extraneous incidents that occurred outside Lubbock County. After the State and appellant rested, the trial court discussed the jury charge with the attorneys. During this discussion, appellant's attorney stated, "I think they have to make an election as to which one they're going on." Without acknowledging the statement, the trial court continued its discussion of the jury charge concluding with request for any objections to the jury charge. After the State requested one additional jury instruction which was granted by the trial court, both sides announced that they had no objections to the jury charge. The case then

went to the jury with both sides making closing statements. During the State's closing statement, the prosecutor made the statement that "some people require 12 people to force feed them responsibility. Some people require that." Appellant made no objection. Appellant was found guilty and sentenced to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, appellant contends that the trial court erred in refusing appellant's request to have the State elect which incident or incidents it was relying upon as evidence of the two counts of indecency with a child.[1] We affirm.

A party is required to preserve a complaint for appellate review by (1) making a timely request, objection, or motion; (2) stating the grounds with sufficient specificity to make the trial court aware of the complaint; and (3) obtaining from the trial court a ruling, either expressly or implicitly, or a refusal by the trial court to rule on the request, objection or motion. See TEX. R. APP. P. 33.1. In this case, appellant's statement of "I think they have to make an election as to which one they're going on" is not a request, objection or motion. Further, the State correctly points out that, even if the statement can be construed as a request, the statement is ambiguous in that, since the indictment included two separate counts, appellant's statement could have referred to an election between the two counts as easily as a reference to an election between incidents. Finally, assuming

---

[1] Appellant also alleged that the State improperly commented on appellant's exercise of his right to a jury trial during its closing argument. However, appellant concedes that trial counsel did not make an objection to the State's comment. Hence, we find that the issue has not been preserved. See TEX. R. APP. P. 33.1; see also Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996).

*arguendo* that appellant's statement could be considered an objection with sufficient specificity to notify the trial court of appellant's complaint, appellant did not obtain a ruling either express or implicit.  See Wilson v. State, 7 S.W.3d 136, 144 (Tex.Crim.App. 1999). A review of the circumstances surrounding appellant's statement of "I think they have to make an election" fails to provide any evidence that would support an implicit ruling.  See Sauceda v. State, 129 S.W.3d 116, 124 n.6 (Tex.Crim.App. 2004) (an implied ruling can be inferred from a trial court's actions).  Neither the trial court nor the State acknowledged appellant's statement nor provided any discussion from which we can infer any ruling or action by the trial court.  Hence, we conclude that appellant did not properly preserve his complaint, and thus, presents nothing for review.

For the foregoing reasons, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.

4